**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Cecelia Stith Curtis, *by proposed next friend David Vernon Stith*, | Case No. 2:25-cv-13814-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Charleston County; Judge Lenna S. Kirschner; Judge Sidney Floyd; Family Services, Inc., d/b/a Origin, SC; Elizabeth Ussery; Kelly Evan; Law Office of Kathryn M. Cockrill, LLC; The Washington Firm, LLC; and Jamoryskl Law Firm, | |
| Defendants. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that this action be dismissed without prejudice and without leave to amend and that Plaintiff's motions for a temporary restraining order (Dkt. No. 3), a preliminary injunction (Dkt. No. 4), and an emergency ex parte motion to appoint next friend (Dkt. No. 5) be denied. (Dkt. No. 10).  Plaintiff was advised that he had 14 days to file written objections to the R & R and a failure to file timely objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 9).  No timely objection was filed.

I.    **Background**

Plaintiff, acting pro se, brought this action on behalf of his sister, a vulnerable adult, seeking to challenge various decisions of the South Carolina state circuit and probate courts relating to the creation of a guardianship for Cecelia Stith Curtis and various decisions relating to the management of her financial affairs as a vulnerable adult.  After unsuccessfully attempting to

1

raise issues with Ms. Curtis' guardianship in state probate court, Plaintiff brought this action in federal court on the basis of alleged deprivation of Ms. Curtis' due process rights under 42 U.S.C. § 1983.

In a thorough R & R, the Magistrate Judge detailed the fundamental legal defects in this suit and recommended that the case be summarily dismissed without prejudice and without leave to amend. These legal defects include the following: (1) the proposed next friend, David Vernon Stith, acting pro see, is not a proper party because a pro se person cannot represent another person in federal court; (2) Judges Kirschner and Fowler have judicial immunity for their judicial actions; (3) no proper § 1983 claim may be asserted against law firms and businesses because they are not "persons" under § 1983; (4) no proper § 1983 claim can be asserted against the court appointed attorneys, guardians, or conservators because they are not state actors and their actions do not constitute state action; (5) Charleston County has no liability because there is no showing of a municipal policy that is the alleged basis for the deprivation of Ms. Curtis' rights, as required under *Monell*; (6) Plaintiff's claims for relief, which would constitute an attacks on state court judgments, are barred by the *Rooker-Feldman* doctrine; and (7) Plaintiff's motions for a temporary restraining order and preliminary injunction should be denied because Plaintiff cannot show he is likely to succeed on the merits, he would suffer irreparable harm if relief was denied, the balance of equities does not tip in his favor, and an injunction is not in the public interest.

Plaintiff filed no objections to the R & R.

## II.   Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

2

this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1).  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.    Discussion

The Magistrate Judge ably summarized the factual and legal issues in the R & R and correctly concluded that this action should be dismissed for failure to state a claim upon which relief can be granted and that Plaintiff's motions for a temporary restraining order, temporary injunction, and an emergency appointment of Plaintiff to be appointed next friend (Dkt. Nos. 3, 4, 5) should be denied.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the Order of the Court.  This action is **DISMISSED** without prejudice and without leave to amend.   Plaintiff's motions for a temporary restraining order, temporary injunction, and emergency appointment of a next friend (Dkt. Nos. 3, 4, 5) are **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 10, 2026
Charleston, South Carolina